UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| WADE ELLIOT BOWLES, | ) | CIV. 13-5039-JLV |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER OF DISMISSAL |
| | ) | |
| WARDEN ROBERT DOOLEY; | ) | |
| DARIN YOUNG, Warden, South | ) | |
| Dakota State Penitentiary; and | ) | |
| MARTY JACKLEY, Attorney | ) | |
| General of the State of South | ) | |
| Dakota, | ) | |
| | ) | |
| Respondents. | ) | |

On May 20, 2013, petitioner Wade Elliot Bowles, appearing *pro so,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Docket 1). Respondents moved to dismiss the petition, alleging Mr. Bowles did not properly file his petition within the one-year limitation period.  (Docket 7).  The case was referred to Magistrate Judge John E. Simko for resolution pursuant to the standing order of March 18, 2010.  On January 7, 2014, Judge Simko issued a report recommending the court grant respondents' motion to dismiss and dismiss Mr. Bowles' petition with prejudice.  (Docket 23 at p. 11).  Mr. Bowles filed a motion for ruling on previous motions,[1] motion for appointment of counsel, and timely filed his objections to the report and recommendation. (Dockets 25, 28 & 29).

---

[1]Mr. Bowles' motion (Docket 25) was received on the same day Judge Simko's report and recommendation was filed.  Judge Simko denied those earlier motions (Dockets 16 & 19).  (Docket 23 at p. 10).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections.  Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1).  For the reasons stated below, Mr. Bowles' objections are overruled and the court adopts the report and recommendation.

## DISCUSSION

Section 2254 of Title 28 of the United States Code, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), controls when a person in state custody pursuant to a state court judgment applies for a writ of habeas corpus in federal court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.  With the enactment of AEDPA, "a state prisoner seeking federal habeas corpus relief [is required] to file his federal petition within a year after his state conviction becomes final."  Payne v. Kemna, 441 F.3d 570, 571 (8th Cir. 2006).  This one-year statute of limitations is codified in 28 U.S.C. § 2244(d)(1) as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[2]

Mr. Bowles' objections assert the respondents "did not prove" the AEDPA timely filing requirements were not met.  (Docket 29 at p. 1) (emphasis in original).  A judgment or state conviction is final under § 2244(d)(1)(A) at either "(i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ."  Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998).  The time allotted for filing a petition for writ of certiorari with the United States Supreme Court is ninety days.  Jihad v. Hvass, 267 F.3d 803, 804 (8th Cir. 2001).

Giving Mr. Bowles the benefit of any doubt, the magistrate judge considered direct review of the state court judgment as final on February 22, 2010, ninety days after the South Dakota Supreme Court entered an order

---

[2]Subsections (B), (C) and (D) of § 2244(d)(1) are not relevant to Mr. Bowles' petition.

dismissing the direct appeal.[3]  Absent statutory or equitable tolling, Mr. Bowles had one year, or until February 23, 2011, to file a § 2254 petition in federal court.  See 28 U.S.C. § 2244(d)(1)(A) & (d)(2).

Mr. Bowles' next state court proceeding did not occur until March 1, 2011, when he filed a motion for reduction of sentence.  (Docket 23 at p. 4).  By this time a total of 372 days had expired.  Id.  "State proceedings are not pending during the time between the end of direct review and the date an application for state [post-conviction relief] is filed."  Maghee v. Ault, 410 F.3d 473, 475 (8th Cir. 2005).  By March 1, 2011, the one-year statute of limitations of AEDPA expired.  The court finds the one-year statute of limitations of AEDPA expired on February 23, 2011, unless the doctrine of equitable tolling applies.

"[B]ecause the one-year time limit contained in section 2244(d)(1) is a statute of limitation rather than a jurisdictional bar, equitable tolling, if applicable, may apply."  Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).  Equitable tolling is an extraordinary remedy used only in rare circumstances and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief[.]"  Jihad, 267 F.3d at 805.  "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."  Id. at 806 (citation and internal quotation marks omitted).

---

[3]The South Dakota Supreme Court entered its order on November 24, 2009.  (Docket 23 at p. 4).

4

Equitable tolling is appropriate only when one of two conditions is present: (1) "extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time," or (2) "[respondent's] conduct lulls the prisoner into inaction." Maghee, 410 F.3d at 476 (emphasis added). In other words, a petitioner may be entitled to equitable tolling only when the conduct of respondents caused the petitioner to be late in filing *or* when "other circumstances, external to the [petitioner] and not attributable to his actions, are responsible for the delay." Id. (citation and internal quotation marks omitted); see also Kreutzer, 231 F.3d at 463 (extraordinary circumstances must be beyond a prisoner's control).

Mr. Bowles' objection to Judge Simko's conclusion on the issue of equitable tolling boils down to a claim the respondents' submissions were "a flat lie." (Docket 29 at p. 2). Mr. Bowles claims the penitentiary "had no paralegal to help or get citings [sic] or shepardization to situations nor books or digest." Id. Mr. Bowles presented no evidence to either Judge Simko or this court to support his claim. The court adopts the finding of Judge Simko that "[t]he legal resources necessary for inmates to research the filing requirements for federal habeas corpus claims have been available at the [prison library where Mr. Bowles was housed] . . . since at least Bowles's admission in 2009." (Docket 23 at p. 7).

Mr. Bowles did not object to Judge Simko's conclusion that "Bowles does not claim, however that he ever actually tried to research or investigate a federal habeas claim before the statute of limitations expired." Id. at p. 5. Nor did Mr. Bowles object to Judge Simko's conclusion that "had Bowles merely

read the § 2254 form (which he does not dispute was at all times available to him), he could have discerned that he had only one year after his conviction was final in which to file his federal habeas corpus application." Id. at p. 9. The court concludes Mr. Bowles failed to present any evidence to support a claim for equitable tolling.

The court finds the report and recommendation is an accurate and thorough recitation of the facts and applicable case law. The court concludes Mr. Bowles failed to present any evidence to support a claim for equitable tolling. The court further finds Judge Simko's legal analysis well reasoned. Having carefully reviewed the record in this case and good cause appearing, it is hereby

ORDERED that petitioner's objections to the report and recommendation (Docket 29) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 23) is adopted in full.

IT IS FURTHER ORDERED that respondents' motion to dismiss (Docket 7) is granted.

IT IS FURTHER ORDERED that petitioner's motion for a ruling on previous motions (Docket 25) is denied as moot.

IT IS FURTHER ORDERED that petitioner's motion to appoint counsel (Docket 28) is denied.

IT IS FURTHER ORDERED that Mr. Bowles' petition (Docket 1) is dismissed with prejudice.

6

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 2253(c) and Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the court declines to issue a certificate of appealability.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added) (establishing a two-prong standard).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the case or that the petitioner should be allowed to proceed further.  In such circumstances, no appeal would be warranted." Id.  The court does not believe reasonable jurists would find the court's ruling debatable or wrong.  Accordingly, a certificate of appealability shall not issue in light of the second prong of the Slack standard.

Although the court declines to issue a certificate of appealability, Mr. Bowles may timely seek a certificate of appealability from the United States Court of Appeals for the Eighth Circuit under Fed. R. App. P. 22.  See Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Fed. R. App. P. 22.

IT IS FURTHER RECOMMENDED that Mr. Bowles thoroughly review the Federal Rules of Appellate Procedure, paying particular attention to Rules 4(a), 22, and 24.

IT IS FURTHER ORDERED that the Clerk of Court shall promptly mail to Mr. Bowles a copy of the Rules Governing Section 2254 Cases in the United States District Courts and a copy of the document entitled "Information Regarding Possible Appeal."

Dated March 11, 2014.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
CHIEF JUDGE

8